## Leopold Price et al. v. William W. Kohn et al.

1. NOTICE—*To Produce Original Letters.*—In an action of assumpsit for goods sold and delivered, the evidence for the plaintiff being by depositions, contained, among other things, copies of letters written by the plaintiff to the defendants concerning the purchase and sale of the goods which resulted in the controversy under consideration. Objection was made to the introduction of the copies for the reason that notice to produce the originals was given upon the Saturday previous to the Monday when the case was called for trial. *It was held,* that whether such notice was sufficient was a matter properly submitted to the reasonable discretion of the court in view of what then appeared to it as to the situation of the parties and the place where the originals of said letters then were.

2. DELIVERY—*What is Sufficient to Establish a Prima Facie Case of.*—In an action of assumpsit for the sale and delivery of goods, the plaintiff introduced a paper which contained a statement of all the goods claimed to have been sold and shipped to the defendants, with the date of shipment, quantity, description and price, and testified that he personally saw all the goods in the list shipped to the defendants and that they were entered and regularly charged upon the books of the plaintiff when shipped. *It was held,* that this was not only *prima facie* evidence of the shipment of the goods, but of their delivery to the defendants as well.

3. SALES BY SAMPLES—*Implied Warranty.*—When a manufacturer sells goods by sample there is by him an implied warranty that such goods contain no latent defect not discoverable by ordinary examination.

Assumpsit, for goods sold and delivered. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed December 24, 1901.

NEWMAN, NORTHRUP & LEVINSON, attorneys for appellants.

WOOD & ELMER and GIDEON E. NEWMAN, attorneys for appellees.

MR. JUSTICE WATERMAN delivered the opinion of the court.

This was an action of assumpsit brought to recover the agreed price for which certain goods were sold and delivered. The testimony for the plaintiffs was contained in depositions. No motion to suppress the same or any portion

thereof was made by the defendants, while substantially everything contained in the depositions was objected to upon the trial. Among other things, the depositions contained copies of letters written by plaintiffs to the defendants concerning the purchase and sale of the goods which resulted in the controversy under consideration. The defendants objected to the introduction of these copies because notice to produce the originals was given upon the Saturday previous to the Monday when the case was called for trial. Whether this was sufficient notice was a matter submitted to the reasonable discretion of the court in view of and what then appeared before it as to the situation of the parties and the place where the originals of said correspondence were.

At no time during the trial did the defendants complain that the copies introduced by the plaintiffs were not correct, or of their own accord introduce the originals, as they had a right to do.

Appellants also insist that in no instance was delivery of the goods sold proven, and that their motion made at the conclusion of the plaintiffs' case to instruct the jury to find for the defendants should have been sustained. Among other evidence of delivery the plaintiffs introduced certain receipts by the Adams Express Company showing delivery to it by the plaintiffs for the defendants of certain packages of goods at times corresponding with the periods at which the plaintiffs claim to have shipped the purchases. And the plaintiffs also introduced in evidence a paper known as "Exhibit W" which contained a statement of all the goods claimed to have been sold and shipped to the defendants, with date of shipment, quantity, description and price of the goods. One of the plaintiffs testified that he personally examined the goods ordered and the shipment of the goods as per the orders, and personally knew that all the goods contained in the list were shipped to the defendants; that he personally saw the goods shipped to the defendants and that they were entered and regularly charged upon the books of the plaintiffs when the goods were

shipped. This certainly was not only *prima facie* evidence of the shipment, but of the delivery of the goods to the defendants. Benjamin on Sales, Secs. 181–693.

Neither in the court below nor here did or have the appellants made any reply to this testimony other than to insist that it did not make a *prima facie* case of delivery. The defendants themselves testified in the case, and all their testimony is to the effect that the goods were delivered, their defense being a complaint as to the quality of the goods and in no instance of a failure to deliver.

Despite what appellants term their strenuous objections urged in the court below and here to the introduction of the evidence produced by the plaintiffs, they fail to show that the correspondence produced against them was not in every respect correct and entire, or that there had been a failure to deliver anything for which the plaintiffs claim payment.

Outside of the very numerous and confidently urged technical objections, the position of the defendants was and is that goods received by them were not such as they bargained for, were worthless and of no value.

The position of the plaintiffs was and is that the goods were sold entirely by sample and were in accordance with the sample. Appellants in their brief say:

" Kohn & Feldman sued Price & Wolff for the price of the vestings and Price & Wolff set up as a counter-claim the rottenness of the goods."

If there was no delivery, it is difficult to see how or why Price & Wolff insist that the goods sold were rotten. Appellants in their brief go on to say :

" It is claimed that the goods corresponded exactly to the samples. The defect to the counter-claim that the goods were rotten is that they were exactly as ordered; that there was no implied warranty that they should be of quality fit for any purpose."

Upon the trial defendants testified that they told the plaintiffs that they used and wanted only the best goods, but otherwise than by this testimony they did not dispute

the testimony of the plaintiffs that the goods were sold by
sample, nor did they deny that the goods supplied were
equal to the sample, nor did the defendants, other than by
inference that might be drawn from their testimony as to
telling the plaintiffs that they wanted the best goods, deny
the evidence of the plaintiffs that there was no guaranty
excepting that the goods should be equal in quality and in
every respect to the samples. Nor was there any denial of
the testimony of the plaintiffs that the orders of the de-
fendants were all made in accordance with sample numbers
and description on the samples sent out by the plaintiffs to
the defendants.

It does not appear that in the court below the defend-
ants claimed that the plaintiffs were manufacturers or that
they bought the goods in question from them as such.

In this court they do urge that the plaintiffs are manu-
facturers, and that therefore, although the goods may
have been sold by sample, yet the plaintiffs being manu-
facturers, warranted that there was in the sample as in the
goods, no latent defect that could not be ascertained by
ordinary examination, and in support of this contention they
have cited Drummond v. Van Ingen, L. R., 12th appealed
cases, 284; Mody v. Gregson, L. R. 4th Ex. 49; Bierman v.
City Mills Co., 151 N. Y. 482.

These cases clearly set forth the position assumed by
defendants, namely, that when a manufacturer sells goods
by sample, there is by him an implied warranty that the
goods contain no latent defect not discoverable by ordinary
examination. The difficulty with appellants' case is, not
that they are wrong as to the law, but there are no facts in
the present controversy to which it can be applied. There
is in the record no evidence that the plaintiffs are manufact-
urers.

Plaintiffs also urge that when goods are purchased of a
manufacturer for a particular purpose of which he is in-
formed, there is by him an implied warranty that they are
reasonably fit for such purpose.

In the present case, not only is there no evidence that

the plaintiffs are manufacturers, or that the defendants thought them to be, but the only evidence as to knowledge by the plaintiffs of the purpose for which the goods were desired is, that they were to be used in the manufacture of shoes and that the defendants wanted the best goods.

Many kinds of shoes are made.   It does not appear that the plaintiffs were informed that the defendants intended to use the goods in the manufacture of bicycle shoes, as for the greater part they did.    That the goods were not reasonably fit for use in the best kind of some sort of shoes there was no evidence.

Upon March 14th the appellants wrote to the plaintiffs complaining of the quality of the goods.   This was after all of the goods, with the exception of two orders amounting together to less than $13, had been supplied.   To this letter the plaintiffs replied, among other things, " We have made careful investigation and find that the whole cause of the breaking of the vestings arise in the backing, as the quality and strength of our goods are what they should be. We can give you vestings as per your enclosure and should you favor us with an order will take special care to see that the same is properly backed."

As before stated, the only goods thereafter ordered or supplied amounted to less than $13.   The only guaranty of the plaintiffs shown by the evidence, other than that the goods should correspond with the sample, is contained in this letter of March 17th, in which they say they will take special care to see that goods sent upon any future order are properly backed.

The defendants testified that the defect which they say was in the goods, was one not discoverable upon examination of the sample.   Counsel for appellants admit that in sales by sample, the rule is *caveat emptor*, which rule they urge is not applicable to the present case, because the plaintiffs were manufacturers.

Complaint is made of all the instructions given by the court.   Appellants urge that while correct as an enunciation of general principles, they are not applicable to the case at bar.

Under the testimony by both plaintiffs and defendants that the goods were sold by sample, we do not think that the instruction given at the instance of the defendants was applicable; the other instructions we see no objection to. The defendants asked no instruction based upon their present theory that the plaintiffs were manufacturers.

The case is remarkable as showing how easy it is for learned and able counsel to differ upon every question involved, in that according to the insistence of appellants the court below, from beginning to end, erred in each ruling it made.

The judgment of the Superior Court is affirmed.