### WHITE MFG. CO. v. DE LA VERGNE REFRIGERATING MACH. CO.

(Supreme Court, Appellate Term. June 22, 1903.)

**1. SALE—WARRANTY SURVIVING ACCEPTANCE.**

Where plaintiff agreed to manufacture for defendant castings made in a good and workmanlike manner, without defect, and suitable for certain use, such warranty survives defendant's acceptance and payment a reasonable time for discovery in the stipulated use of a latent defect, discoverable only by test of actual use.

**2. SAME—BREACH—EVIDENCE.**

Where plaintiff manufactured a casting for defendant with warranty that it should be without defect, its history after it was cleaned at plaintiff's foundry is not necessary as foundation for testimony based solely on the appearance of the metal as carrying with it its own history of the defect, and showing that it was a shrinkage crack, coming through manufacture in an unworkmanlike way.

**3. EVIDENCE—HEARSAY.**

The question when shrinkage cracks in castings appear, asked of a witness who had said he was not a practical molder, and knew nothing about shrinkage cracks except as he had come across them in his business, calls for hearsay.

Appeal from City Court of New York.

Action by the White Manufacturing Company against the De La Vergne Refrigerating Machine Company. From a judgment on a verdict for defendant, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Herbert T. Jennings (Arthur M. Sanders, of counsel), for appellant.
Ashbel P. Fitch (Grant C. Fox, of counsel), for respondent.

MacLEAN, J. Upon the pleadings alleging and admitting in counterclaim and reply that the plaintiff agreed to manufacture and deliver to the defendant castings made in a good and workmanlike manner, without defect, and suitable for the use of the defendant in the construction of a refrigerating plant to be erected, it was sufficient for the defendant to show to the due satisfaction of the jury that the casting for which it is here sought to recover had a latent defect, discoverable only upon the test of actual use, and had not been manufactured in a good and workmanlike manner, and that the casting was tendered back with reasonable promptitude upon disclosure of

the defect. The express warranty of which the defect was a breach survived acceptance and payment for a reasonable time for the discovery of the defect in defendant's usage as known to the plaintiff in their dealings. Evidence competent and material having been given by the respective parties as to these facts in issue, the judgment entered upon the verdict is to be sustained without discussion of collateral matters brought forward upon the trial, saving consideration of the two objections, with exceptions, upon which stress is laid. The history of the casting while out of the defendant's possession, or in fact after it was cleaned at the plaintiff's foundry, was not necessarily material as foundation for testimony professedly based solely upon the appearance of the metal itself as carrying with it its own history of the defect, and showing that a "shrinkage crack" came through manufacture in an unworkmanlike way, either in pouring metal too cold or in prematurely removing sand from parts of the cooling casting, knowledge of either or both of which was imputable to the plaintiff through its servants. Whatever its value, the answer of the expert to that effect was competent, and could be met only as the learned counsel tried to meet it by weakening its effect on cross-examination and by contradiction. Evidence of the experience of plaintiff's concern as to the time when these cracks appear might or not have been material. The question relating to it was properly ruled out, as it called, apparently, only for the hearsay of the witness, who had said frankly that he was not a practical molder, and knew nothing about shrinkage cracks except as he had come across them in his business.

Judgment affirmed, with costs. All concur.