THE NIXA CANNING COMPANY v. THE LEHMANN-HIGGINSON GROCER COMPANY.

**No. 13,908.** (79 Pac. 141.)

SYLLABUS BY THE COURT.

1. SALE OF PERSONAL PROPERTY — *Warranty.* Where goods are sold by sample and the seller is also the manufacturer, there is an implied warranty on his part that they are free from any latent defects that could not be discovered upon ordinary examination.

2. ——— *Manufacturer.* One engaged in putting up apples in cans for sale is a manufacturer, within the meaning of the rule stated.

3. ——— *Worthless Canned Fruit—Liable on Implied Warranty.* Where one sells to a merchant canned apples of his own packing, the sale being made by sample, and by reason of a defect due to the method employed in their preparation, which could not be discovered upon an inspection of the opened sample cans, the goods sold become worthless before they can be resold in the ordinary course of trade, the seller is liable to the buyer for a breach of an implied warranty against such defect.

Error from Sedgwick district court; DAVID M. DALE, judge. Opinion filed January 7, 1905. Affirmed.

*S. B. Amidon, J. L. Dyer,* and *Gideon & Gideon,* for plaintiff in error.

*O. A. Keach,* for defendant in error.

The opinion of the court was delivered by

MASON, J. : The Lehmann-Higginson Grocer Company sued the Nixa Canning Company on a claim that a quantity of canned apples purchased by the former from the latter under an implied warranty of merchantability had proved worthless. Plaintiff recovered a judgment which defendant seeks by this proceeding to reverse. The trial court made detailed findings of fact, which generally tended to support the plaintiff's claim, and held the defendant liable for a breach of warranty.

The principal question presented on review is whether, under the findings, the law implied a warranty that the goods sold were suitable for food. So far as necessary to the determination of this question, the facts found were as follows : The apples were put up in cans by the defendant for the purpose of selling them to merchants, and were bought by plaintiff, as' defendant knew, to be resold to its customers. The sale was made by sample, the sample cans being opened and examined by the plaintiffs before the purchase. The samples were apparently sound and fit, and were not in fact subject to any defect that could have been discovered by any reasonable examination. The goods sold were in all respects like the sample, but by reason of the character of certain substances that had been employed in the canning process they spoiled and became unmerchantable within a few months, and before they could have been disposed of in the usual course of trade.

Plaintiff in error contends that where goods are sold by sample there is, in effect, an express warranty of conformity to the sample, and no other warranty as to quality can be implied. This may be granted to be

the ordinary rule as to transactions between merchants,
but where the seller is also the manufacturer, there is
an implied warranty that the sample and goods sold
are alike free from latent defects not discoverable upon
ordinary examination. (15 A. & E. Encycl. of L., 2d
ed., 1227 ; 2 Mech. Sales, §§ 1329, 1331, 1346 ; *Price
v. Kohn*, 99 Ill. App. 115.) This exception to the
general rule is not denied ; but it is argued that the
defendant was not a manufacturer ; that the business
of putting up apples in cans for sale is not one of
manufacturing anything. There is a lack of harmony
in the judicial decisions as to just what constitutes
"manufacturing." This is abundantly demonstrated
by the note to *Williams v. Warren*, 64 L. R. A. (N. H.)
33, in which the cases are collected and reviewed. But
it is wholly unnecessary to consider whether the term
"manufacturing" could be aptly applied to the busi-
ness of defendant in any other connection than that
here presented. The only pertinent inquiry is whether
defendant was a manufacturer within the reason and
meaning of the doctrine holding the sellers of goods
of their own making to a higher degree of account-
ability than other merchants. The reasons for such
distinction were clearly stated in *Kellogg Bridge Com-
pany v. Hamilton*, 110 U. S. 108, 3 Sup. Ct. 537, 28 L.
Ed. 86, in these words :

"In ordinary sales the buyer has an opportunity of
inspecting the article sold ; and the seller not being
the maker, and therefore having no special or tech-
nical knowledge of the mode in which it was made,
the parties stand upon grounds of substantial equality.
. . . But when the seller is the maker or manu-
facturer of the thing sold, the fair presumption is that
he understood the process of its manufacture, and was
cognizant of any latent defect caused by such process
and against which reasonable diligence might have
guarded. This presumption is justified, in part, by

the fact that the manufacturer or maker by his occupation holds himself out as competent to make articles reasonably adapted to the purposes for which such or similar articles are designed. When, therefore, the buyer has no opportunity to inspect the article, or when, from the situation, inspection is impracticable or useless, it is unreasonable to suppose that he bought on his own judgment, or that he did not rely on the judgment of the seller as to latent defects of which the latter, if he used due care, must have been informed during the process of manufacture.''

These reasons apply with as much force to one who undertakes to prepare fruits or other natural products so as to render them suitable articles of merchandise as to one who is a manufacturer within the strictest meaning of the term. He alone knows the details of the process employed; he alone controls it; and he must be deemed to represent that it is reasonably adapted to the end sought, and results in a product free from hidden defects. The buyer has no means of information as to such matters and of necessity must rely upon the seller's judgment. In *Copas v. Angle-American Provision Co.*, 73 Mich. 541, 548, 41 N. W. 690, it was said:

"The sale of hams or bacon, which is the curing of pork in a particular manner, involves . . . the same principles of law which are applicable to manufactured articles, involving knowledge, skill, and fitness on the part of the manufacturer, who is also the seller, where he manufactures and sells his own goods.''

In *Leggett v. Young*, 29 N. B. 675, it was held that in a sale of canned lobster to a merchant by sample there is an implied warranty that it is merchantable and fit for food.

We but follow the line marked out by the authorities, and certainly do no injustice, in holding that in

selling to plaintiff by sample canned apples of its own packing, both the samples and the goods sold being apparently sound and wholesome, the defendant by implication warranted that the process it employed did not involve the use of any deleterious substance the presence of which could not be detected by any reasonable examination, but which would in a short time render the fruit unfit for food, unmerchantable, and worthless. The court having found that there was a breach of such warranty, the plaintiff was entitled to judgment.

Complaint is made of the admission of evidence upon which a finding was made of a local custom by which hermetically sealed canned goods were understood to be warranted as merchantable for six months from the date of sale, but as a judgment for plaintiff was required by the findings, without regard to the existence of such custom, it is not necessary to pass upon the question so raised.

The judgment is affirmed.

All the Justices concurring.