[No. 16888.   Department Two.   March 24, 1922.]

LOS ANGELES OLIVE GROWERS ASSOCIATION, *Appellant*, v. PACIFIC GROCERY COMPANY, *Respondent*.[1]

SALES (113, 117, 165)—WARRANTY OF FITNESS—BREACH—WAIVER—ACCEPTANCE—DAMAGES. The purchaser of canned tomatoes from the manufacturer who accepts the goods on inspection may nevertheless recover for latent defects through improper canning for breach of implied warranty that the goods were fit for human consumption and capable of being kept the customary time.

SAME (117)—WARRANTY—WAIVER OF BREACH. Under a manufacturer's sale of canned tomatoes, providing that claims for "swells" must be made within six months, and all other claims within ten days from the receipt of the goods, the ten-day provision relates only to patent defects, where all damaged cans would first swell, and the defects could not be discovered within the ten-day period; since an unreasonable limitation for the discovery of latent defects will not protect the seller.

TRIAL (10)—RIGHT TO OPEN AND CLOSE. In an action on contract, where the complaint was admitted and the sole issue was on a counterclaim, the defendant had the burden of proof and was entitled to open and close.

EVIDENCE (59)—RELEVANCY—SIMILARITY OF CONDITIONS. Upon an issue as to damages for breach of implied warranty in the sale of

[1]Reported in 205 Pac. 375.

canned . tomatoes, which were apparently in good condition when delivered but spoiled within six months, it is proper comparison to admit evidence that other tomatoes were kept ·in the same place during the same time and did not deteriorate; also to exclude testimony that other· goods packed by the seller at the same time but not having similar storage had not developed trouble.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered May 14, 1921, upon the verdict of a jury rendered in favor of the defendant, in an action on contract. Affirmed.

*Louis A. Merrick*, for appellant.
*Black & Black*, for respondent.

Hovey, J.—Appellant sued the respondent upon an account for goods sold, amounting to $312.50. The respondent answered, admitting the indebtedness, and counterclaimed for damages sustained through the purchase in December, 1918, of one thousand cases of tomatoes, two dozen to the case. The amount claimed as damages was $1,728, and after allowing credit for the sum due plaintiff, judgment was asked for $1,415.50. The case was tried to a jury, and a verdict rendered in favor of the respondent for $1,134.25, which was thereafter reduced by the judge to $1,108.70.

Respondent paid the purchase price of the tomatoes in January shortly after they were received. At that time it made some examination of the goods, opening cans from several cases, and found them all to be in good condition, and so wrote appellant. Later on defects were discovered, and in June respondent wrote a letter to appellant advising them of the situation. The goods were sold under a written contract which provided that all claims for swells must be made by July 1, and all other claims within ten days of the receipt of the goods. The evidence tendered showed that,

while the tomatoes appeared all right for some time after delivery, some of the cans later developed swelling, and others then showed very small holes through which air could penetrate, and in some cans the contents were discharged through these holes. Upon opening such cans they were found to be rusted upon the inside. Five hundred and seventy-six cases, being all remaining on hand, were affected. The tomatoes were condemned by the state food inspector, and a chemical expert from the Washington university examined them and testified as a witness. The testimony clearly shows that the tomatoes were unfit for food, and while it is not clear as to what caused the trouble the evidence does show that the defect was a latent one and probably due either to careless canning or defective containers. It was shown that the tomatoes were properly stored and kept after their receipt in Everett, and that other tomatoes, kept under exactly the same conditions and during the same time, were all right, and that tomatoes properly canned will keep for at least five or six years.

The principal question in the case is the right of respondent to recover after having accepted and paid for the goods. Under the circumstances, respondent would be denied recovery if the defects were patent, but in the case of a latent defect, the rule is different. The defect in this case could not be discovered until time had elapsed.

The appellant in this case was a manufacturer, and that brought to this sale an implied warranty of fitness for purpose intended. *Nixa Canning Co. v. Lehmann-Higginson Grocer Co.,* 70 Kan. 664, 79 Pac. 141, 70 L. R. A. 653, and note; *Gleason Co. v. Carman,* 109 Wash. 536, 187 Pac. 329. In this case the implied warranty

was that the goods were food fit for human consumption, capable of being kept the customary time.

There is some divergence in the authorities as to how far a purchaser is bound in case of patent defects, but in case of a latent defect, even the courts which rule most strictly against the buyer follow the doctrine that he is not bound by the mere acceptance of the goods and payment for the same.

"The second exception to the rule, that acceptance of title operates as satisfaction, arises where the defect in the goods is one which cannot be discovered by inspection. In such a case, whether the seller's breach of promise is of an express warranty, an implied warranty, or, under the terminology of the court, of a promise not properly classified as a warranty, the buyer may recover damages." Williston, Sales, § 489.

Among the cases cited in support of the text, the following are in point in this case. *Miller v. Moore,* 83 Ga. 684, 10 S. E. 360, 20 Am. St. 329, 6 L. R. A. 374; *Buffalo Barb Wire Co. v. Phillips,* 67 Wis. 129, 30 N. W. 295; *Zabriskie v. Central Vt. R. Co.,* 131 N. Y. 72, 29 N. E. 1006; *Bell v. Mills,* 78 App. Div. 42, 80 N. Y. Supp. 34; *White Mfg. Co. v. De La Vergne Refrigerating Mach. Co.,* 84 N. Y. Supp. 192.

It is contended, however, that under the contract in this case the buyer is precluded from making claims for damage except in the manner therein described. We think, however, that here the ten-day provision relates only to patent defects. The provision as to swells was complied with. Under the testimony, it would seem proper to classify all damaged cans as swells, as the testimony showed that the history of the cans is that they would first swell and then, as the holes got large enough to let the gas and contents out, they would resume their former position. But even if it be considered that some of the damage is not in-

cluded within that term, it was all damage from a latent defect and not within the terms of the contract. "Where, however, the defects are latent and such as are not readily discoverable by inspection, no unreasonable limitation as regards the time for inspection will protect the seller." 23 R. C. L. 1434; *Gaar, Scott & Co. v. Hill,* 20 Ky. Law 1325, 49 S. W. 202; *Adams Mach. Co. v. Turner,* 162 Ala. 35, 50 South. 308, 136 Am. St. 28; *Bell v. Mills, supra; American Hoist & Derrick Co. v. Frey,* 127 La. 183, 53 South. 486. The time which this defect took to assert itself fixed the reasonableness of the time for complaint in this case. We conclude that there was ample testimony to sustain the verdict of the jury.

Error is also predicated upon the fact that the court ruled that the burden of proof was upon respondent and gave it the opening and closing of the trial. This is based upon the fact that there was a denial of a formal allegation as to incorporation in the answer of respondent. Upon the trial, however, no issue was made as to the claim held by appellant, but the contest was waged solely upon the counterclaim of the respondent and it was entitled to open and close.

There are forty-two assignments of error, most of them relating to the admission and rejection of testimony, none of which we deem to merit discussion beyond what we have already said, except one.

Appellant objected to the testimony as to the condition of tomatoes kept in the same place and during the same time as those in controversy, and the refusal of the court to permit it to introduce testimony to the effect that other goods packed by it at the same time had not developed trouble. We see no error in this. Goods kept under exactly the same conditions would be a fair basis for comparison, while goods kept under al-

together different conditions would not afford the same basis.

Under the view which we take of this case, it is not necessary to consider the effect of the National Food and Drug Act upon the sale.

The judgment is affirmed.

PARKER, C. J., MAIN, HOLCOMB, and MACKINTOSH, JJ., concur.