Per Curiam.

The plaintiffs bring this action to recover damages for breach of warranty arising out of a contract for the sale of goods. It is claimed that the goods were not washable, preshrunk and fast color as expressly warranted by the defendant. The complaint further alleges that the defective condition of the goods was not discovered or discoverable until subsequent to manufacture into finished shirts.
The sales contract in this case provided, inter alia, as follows: “ * * * Any dispute or claim on finished merchandise must be made in writing within ten working days after the receipt of goods and no claim or allowance shall be made for such goods after they have been cut or processed * * V’
*379 While it is competent for the parties to fix a debarment deadline on claims by the terms of their contract (3 Williston on Sales [Rev. ed.], § 484a) we think that the effectiveness of such limitation should be determined in accordance with rules of reasonability. In this case it would depend on whether the alleged defects in the goods are patent or latent in nature. If they are of such a kind as to be apparent on examination, a contractual stipulation requiring notice of claims within a specified time after receipt of the goods or prior to processing will be binding so as to bar recovery for open defects subsequently discovered (Baruch v. Dery, Inc., 188 N. Y. S. 453). However, where the defects are latent and not readily discoverable on inspection before the goods are cut or processed into the finished product, no unreasonable provision as regards the time for inspection and presentment of claims will be given effect so as to protect the seller from a buyer’s action for breach of warranty. (See Kansas City Wholesale Grocery Co. v. Weber Packing Corp., 93 Utah 414; National Grocery Co. v. Pratt-Low Preserving Co., 170 Wash. 575, and Los Angeles Olive Groioers Assn. v. Pacific Grocery Co., 119 Wash. 293.)
On the defendant’s motion for judgment on the pleadings we must accept as true the material averments of fact in the complaint and the plaintiff’s bill of particulars regarding the alleged breach of warranty, and that the defects in the goods were not discovered or discoverable until after they had been manufactured into shirts (Green v. Doniger, 300 N. Y. 238). Accordingly, it was error for the Special Term to hold such defects readily ascertainable on inspection of the goods, and the dismissal of the complaint in advance of trial was improper. There are factual issues requiring trial as to the nature and discoverability of the defective condition of the goods and whether or not the plaintiffs may recover in view of the express provisions of the contract fixing a period of limitations on claims.
The order and judgment appealed from should be reversed, with costs to the appellants, and the motion denied.
Peck, P. J., Glennon, Callahan, Van Voorhis and Shientag, JJ., concur.
Judgment and order unanimously reversed, with costs, and motion denied. [See post, p. 1067.]