THE STATE OF MONTANA, APPELLANT, *v.* JOHN B. JOHNSON, RESPONDENT.

[Submitted January 10, 1898. Decided January 17, 1898.]

*License—Manufacturer—Statutory Interpretation.*

1. LICENSE—*Manufacturer.*—A merchant tailor is not a manufacturer within the meaning of Section 4062, Political Code, which provides for a license tax to be paid by "every architect or manufacturer;" but is subject to the license to be paid by one

who sells goods, wares and merchandise at a fixed place of business, as provided in Section 4064, Political Code.

2. STATUTORY CONSTRUCTION.—The words contained in tax laws should be construed in their popular sense and not according to their scientific meaning.

*Appeal from District Court, Lewis and Clarke County. S. H. McIntire, Judge.*

ACTION by the State against John B. Johnson. Judgment for defendant, and plaintiff appeals. Reversed.

*C. B. Nolan* and *R. R. Purcell*, for the State.

*Carleton & Haywood*, for Respondent.

HUNT, J.—This was an action by plaintiff and appellant to recover certain sums of money alleged to be due by defendant and respondent as a license fee for carrying on the business of a merchant tailor. The case was submitted on an agreed statement of facts, reciting, briefly, that the defendant is a merchant tailor at Helena, dealing in the selling of suits of clothes which he makes to order for his customers from cloth, not made or manufactured by him, but which he purchased from others.

The contention of the state's counsel is that the defendant is indebted to it for license under the provisions of Section 4064 of the Political Code; while the defendant argues that a merchant tailor is a manufacturer, and liable only for the license payable under Section 4082 of the Political Code.

The District Court held that defendant is a manufacturer, and liable for license as such. From a judgment rendered to that effect the state appeals.

The two sections of the statute bearing upon the question for decision are as follows: Section 4064: "Every person who at a fixed place of business sells any goods, wares or merchandise, wines or distilled liquors, drugs or medicines, jewelry or wares of precious metals, whether on commission or otherwise, and all butchers, must obtain from the county treasurer in which the business is transacted, and for each branch of such business, license, and pay quarterly therefor an

amount of money to be determined by the class in which such person is placed by the county treasurer; such business to be classified and regulated by the amount of the monthly average sales made, or hiring done, and at the rate following,'' etc.

Section 4082: ''Every architect, builder, contractor, or manufacturer, doing a business of more than fifteen thousand dollars per year must pay a license of ten dollars per quarter.''

No doubt, speaking in the broadest sense, a ''manufacturer'' is one who makes or fabricates anything for use, and that within the literal definition of ''manufacturer'' would come a tailor who works cloths into suits for wear. So, too, a seamstress would be brought within such a definition, for she makes handkerchiefs from linen; and the carpenter who takes raw lumber and prepares it for building a house; and a milliner, who makes and sells bonnets; and a blacksmith, who makes horseshoes or forges iron; and a cook, who makes bread or other articles to use as food; and many other persons, whose pursuits in life demand the working of some materials into certain forms.

But, in our opinion, the proper construction of the statute (Section 4082, *supra*) imposing a license on a ''manufacturer'' is to give the words their common use, and to take them in their plain, natural, and ordinary signification. (*People* v. *New York Floating Dry Dock Co.*, 63 How. Prac. 451; Suth. on St. Const. § 229; *Parker* v. *Great Western Railway Co.*, 88 E. C. L. R. 76.)

The statute (Section 3462, Code of Civil Procedure) requires that words shall be construed according to the context and the approved usage of the language, unless they are technical or have acquired a peculiar and appropriate meaning in law. We know of no technical meaning to be given to the word ''manufacturer,'' used in the statute, and it is our best judgment that it should be understood in its popular sense. We therefore would include among manufacturers those who produce goods from a raw state by manual skill and labor, and goods which are commonly turned out of factories, and we would ex-

clude a merchant tailor, who merely cuts and fashions a suit of clothes as ordered by a customer, from cloth purchased elsewhere, and kept to be made up as suits are ordered from him.

In *Evening Journal Association* v. *State Board of Assessors*, 47 N. J. Law 36, the court well expressed the rule of construction as follows: "The interpretation of words in their popular sense, rather than according to their scientific meaning, is peculiarly required in the construction of tax laws, in the enactment of which the legislature must needs adopt a classification of persons and property for purposes of taxation, —a classification determined by the legislative conception of the policy of subjecting certain persons, property, occupations or business to taxation,—according to popular notions or ideas of the propriety of such taxation. In the construction of such laws the courts will incline strongly towards the popular signification of language. In that way the legislative intent is most apt to be reached."

When we are told that a city is a manufacturing center, or has factories within it, the ordinary understanding is that it has factories, where articles of use are made in considerable quantities, by the aid of many hands or of machinery, and generally to be supplied to retail dealers. We should never entertain the thought that included in the factories and among the manufacturers tailor shops or merchant tailors, not engaged in wholesale trade, or milliners, dressmakers, furniture dealers, restaurants and the like.

After consideration. of the objects of the statute, we conclude that defendant is not a "manufacturer," within the true intent of that word as used, and that he is a person who sells goods, wares and merchandise at a fixed place of business and is accordingly subject to the payment of a license under section 4064, above quoted. (*Murray* v. *State*, 11 Lea. 218.) The judgment will be reversed, with direction to enter judgment against defendant after ascertaining amount due by him.

*Reversed.*

Pemberton, C. J., and Pigott, J., concur.