CASE 22—ACTION BY DAVID GRAHAM AGAINST MAGANN FAWKE LUM-
BER CO. TO ENFORCE AN EMPLOYE'S LIEN.—MAY 11.

# Graham v. Magann Fawke Lumber Co.

APPEAL FROM ESTILL CIRCUIT COURT—D. B. REDWINE, CIRCUIT JUDGE.

FROM THE JUDGMENT PLAINTIFF APPEALS.   MODIFIED.

LABORERS' LIENS—PRIORITY OF MORTGAGE—CONSTITUTIONALITY OF
STATUTE.

Kentucky Statutes 1903, secs. 2487, 2488, giving laborers in
manufacturing establishments a lien for wages superior to that
of mortgages, are constitutional.

L. A. WEST, ATTORNEY FOR APPELLANT.

## QUESTIONS INVOLVED.

1. Is Act February 25, 1893, under which appellant claims lien,
constitutional?

2. Is appellee, Magann-Fawke Lumber Company, a manufactur-
ing establishment?

3. Has appellant an employe's lien thereon, he having taken all
the initial steps to secure same?

4. Did the property come to the hands of the commissioner for
distribution among the creditors?

5. What effect has the mortgage and assignment thereon upon
the rights of appellant, if any?

6. What is meant by "straight time" in a contract of employ-
ment for labor?

7. Can a superintendent or general manager of a manufactur-
ing establishment raise the wages of an employe and pay him
therefor out of the company's funds, and which fact the company
knows and acquiesces in, until he takes steps to secure his lien
for unpaid balance due him for labor, and when he so does, can
the company claim the original contract for labor?

## AUTHORITIES CITED.

Hightower v. Bailey, 22 R., 88; Winter v. Howell, 22 R., 698;
Bogard v. Tyler, 21 R., 1452; Lee v. Vanmeter, &c.; 98 Ky., 1;

Graham v. Magann Fawke Lumber Co.

Hodges v. Arvidson, &c., 23 R., 2078; Browniski v. Pickett, 24 R., 305; Wimberley v. Mayberry, 14 L. R. A., 305; Meyer v. Berlendi, 1 L. R. A., 777; Montgomery v. Allen, 21 R., 1001; Brooks v. Railway Co., 101 U. S., 443.

RIDDELL & RIDDELL, ATTORNEYS FOR APPELLEE.

1. We contend that by "straight time" is meant that no allowance is made for time when an employe is idle, by reason of the fact that the employer has nothing for him to do, but it is not reasonable that an employe can be sick and confined to his bed and occasionally give an order and his time go on as if he were on his feet performing regular service.

2. It is clear that appellant knew of the mortgage held by the bank, but whether he did or not, it was of record and he is chargeable with notice.

3. Conceding that the Act of February, 1893, is constitutional, and that the lumber company is a manufacturing establishment, and that appellant has taken all necessary steps to procure a laborer's lien, still the property did not come into the hands of the commissioner for distribution to creditors, as contemplated by the statute.

4. It is not contended that any of the appellees are insolvent.

5. None of the conditions upon which appellant could have a lien under the statute exist.

6. Less than $200 is in controversy, and the appeal should be dismissed.


OPINION OF THE COURT BY CHIEF JUSTICE BURNAM.

The Magann, Fawke Lumber Company owned a sawmill plant near Irvine, Ky., and were engaged in the business of manufacturing lumber. On the 20th of April, 1900, they mortgaged their entire plant to George P. Magann to secure the payment to him of a note for $40,000 for borrowed money. George P. Magann transferred this debt to the Bank of Montreal, Canada. The bank on the 14th of March, 1902, filed its petition in the Estill circuit court for an enforcement of their lien and a sale of the property. A judgment was rendered decreeing a foreclosure in accordance with the prayer of

the petition.    At the sale made thereunder by the master com-
missioner of the Estill circuit court, the bank became the
purchaser of all the mortgaged property at the price of
$37,800.    The bank subsequently transferred the benefit of
their bid to Angus Kirkland, the president of the bank, and
the sale was confirmed.    In the meantime appellant, David
Graham, who had been in the employ of the sawmill company
at a salary of $75 per month up to the 23d of April, 1902;
filed a lien in the county clerk's office of Estill county for
$225, as required by section 2494 of the Kentucky Statutes of
1903, and on the 10th day of June, 1902, instituted this suit
against the lumber company, the bank, and other creditors,
asking that his lien be adjudged superior to that of the bank,
and that it should be paid out of the proceeds arising from the
sale of the company's property.    The defendants answered,
denying the alleged indebtedness, and also that he was en-
titled to the priority asserted.

Section 2487 of the Kentucky Statutes of 1903 provides
that when the property or effects of any manufacturing es-
tablishment shall in any wise come to be distributed among
creditors, whether by operation of law or by the act of the
company, owner, or operator, the employes of such company,
owner, or operator in such business shall have a lien upon
so much of such property and effects as may have been in-
volved in such business, and all the accessories connected
therewith, including the interest of such company, owner, or
operator in the real estate used in carrying on such business.
And section 2488 provides: "The said lien shall be prior
to the lien of any mortgage or other incumbrance thereafter
created, and shall be for the whole amount due such em-
ployes as such, and for wages coming due to the employes
within six months before the property or effects shall in any
wise come to be distributed among the creditors, as provided

Graham v. Magann Fawke Lumber Co.

in section 2487, the lien of such employes shall be superior to the lien of any mortgage or other incumbrance theretofore or thereafter created." In Bogard v. Tyler, 55 S. W., 709, 21 Ky. Law Rep., 1452, it was decided that a sawmill at which lumber is sawed for sale on the markets is a manufacturing establishment in the meaning of this statute. And appellant has proven that he was an employe thereof, and that the claim asserted by him was for wages coming due within six months before the judgment and sale of the sawmill plant at the instance of the bank. The chancellor reduced appellant's claim to $125, in view of the fact that he had been too unwell during a part of the time for which the lien was claimed to render full services to the company and, we do not feel disposed to disturb his finding on this question of fact, but the chancellor erred in not giving appellant a superior lien over the mortgage creditors to secure the payment of the amount found due to him. While the decisions of the courts of the country are not entirely harmonious on the question, we think the weight of the authorities upholds the validity of statutes securing to employes of manufacturing establishments liens for wages superior to prior mortgage liens, when such liens are created subsequent to the enactment of the statute. No constitutional provision is infringed by the statute; and as manufacturing plants are only valuable as going concerns, and can not be operated without material and employes, it is therefore the policy of the law to secure to such employes a prior lien for their wages for a limited period. See Wimberly v. Mayberry (Ala.) 10 South., 157, 14 L. R. A., 305.

For reasons indicated, so much of the judgment appealed from as denies to appellant a prior lien for the $125 adjudged to him is reversed, and cause remanded with direction to adjudge this sum payable to him out of the proceeds of the sawmill property.