## *In re* ARKANSAS CYPRESS SHINGLE COMPANY.

### Opinion delivered January 28, 1905.

1. REVENUE—ASSESSMENT—MANUFACTURER.—A company owning land and engaged in sawing timber on it into lumber and shingles is a manufacturer, within Sandels & Hill's Digest, § 6444, providing that "every person who shall purchase, receive or hold personal property of any description for the purpose of adding to the value thereof by process of manufacturing, refining, rectifying, or by combination of different materials, with a view of making a gain or profit by so doing, shall be held to be a manufacturer," and assessable accordingly. (Page 29.)

2. SAME—MODE OF ASSESSMENT.—Under Sandels & Hill's Digest, § § 6442, 6444, a manufacturer is required to list two kinds of personal property, viz, (1) all articles purchased, received or otherwise held for the purpose of being used, in whole or in part, in any process or operation of manufacturing, combining, rectifying or refining, which from time to time he shall have on hand during the year next previous to the time he is required to list the same, to be assessed according to its average value during the year: (2) all his other personal property subject to taxation owned by him on the first Monday in June, to be assessed according to its value on that date. (Page 30.)

Appeal from Lonoke Circuit Court.

GEORGE M. CHAPLINE, Judge.

Affirmed.

· *W. S. & F. L. McCain,* for appellant.

One engaged in sawing lumber and shingles is a manufacturer.    53 Me. 522; 78 Me. 453; 26 Wis. 100; 56 Wis. 42; 91 Wis. 525, 575; 58 Mich. 625; 45 Mich. 126. The merchant must assess his stock at its average value during the past year.    Sand. & H. Dig. § § 6427, 6442, 6453, 6462. It is not the province of courts to frame a revenue act; it must be left to the Legislature. 4 Ark. 473.

BATTLE, J.    The Arkansas Cypress Shingle Company owns land in Lonoke County, in this State, and is engaged in sawing the timber on it into lumber and shingles.    It also owned the machinery which was used in the manufacture of the lumber and shingles.    The assessor of Lonoke County valued the land at $5,000, and the machinery at $20,000, for taxation for the year 1901.    The board of equalization raised the land and machinery, each, to the sum of $25,000.    The county court reduced the valuation of the land to $20,000 and the personal property to $12,500.    The Shingle Company appealed to the Lonoke Circuit Court, and it affirmed the judgment of the county court; and the company appealed to this court.

The facts are undisputed.    The Shingle Company was engaged in cutting lumber and shingles from trees growing on its land, on which was located its machinery.    It never did have on hand at any one time logs of greater value than $50 or $100, the logs being sawed as they were cut and brought to the mill. The shingles and lumber of the company, which were on hand on Monday, June 1, 1901, were worth as much as $12,500.

We agree with the Shingle Company that it is a manufacturer, and that its property, in part, should have been assessed for taxation for the year 1901 according to section 6444 of Sandels & Hill's Digest, which is as follows:

"Every person who shall purchase, receive or hold personal property of any description for the purpose of adding to the value thereof by process of manufacturing, refining, rectifying, or by combination of different materials, with a view of making a gain or profit by so doing, shall be held to be a manufacturer, and he shall make out and deliver to the assessor a sworn statement of the amount of his other personal property subject to taxation, also including in his statement the average value estimated, as provided in section 6442, of all articles purchased, received or otherwise held for the purpose of being used, in whole or in part, in any process or operation of manufacturing, combining, rectifying or refining, which, from time to time, he shall have on hand during the year next previous to the time of making such statement, if so long he shall have been engaged in such manufacturing business, and, if not, then during the time he shall have been so engaged.    Every person owning a manufacturing establishment

of any kind and every manufacturer shall list, as a part of his manufacturer's stock, the value of all engines and machinery of every description used or designed to be used for the aforesaid purpose."

Section 6442, referred to in the foregoing section, defines a merchant, and then provides that his property shall be assessed as follows: "In estimating the value thereof the merchant shall take the average value of such property in his possession or under his control during the year immediately preceding the first Monday in June of the year in which the assessment is made," etc. According to section 6444, the manufacturer is required to list for assessment two kinds of personal property: first, all articles purchased, received or otherwise held for the purpose of being used, in whole or in part, in any process or operation of manufacturing, combining, rectifying or refining, which from time to time he shall have on hand during the year next previous to the time he is required to list the same; and, second, all his other personal property, subject to taxation, owned by him on the first Monday in June, including engines, machinery, etc. All that in the first class on hand during the year, it matters not how short the time, is to be assessed according to its average value, estimated as provided in section 6442. That in the second class is to be assessed according to its value on the first Monday in June.

The personal property of the Shingle Company was valued at $12,500. Its machinery was worth at least $1,500, and its shingles and lumber on hand on the first Monday in June, 1901, were worth $12,500. They were the product of its manufacture, and were not held for the purpose of being used in any process of manufacture. Its assessment was too low; and it had no right to complain. Judgment affirmed.