[No. 4557.]

THE CARLSBAD WATER COMPANY ET AL. v. NEW.

1. Mortgages — Corporations — Manufactures — Statutory Construction.

A corporation organized to manufacture and sell mineral and other waters, which owned a well from which mineral water was pumped into tanks, a part of which was manufactured into ginger ale, root beer and other such carbonated products, and bottled and sold, was a manufacturing corporation within the meaning of 3 Mills' Ann. Stats. (Revised Supplement), section 481, providing that the board of directors of a manufacturing corporation shall not have power to incumber the plant of such corporation or principal machinery incident to the production of such plant until the question shall have been submitted to a legal meeting of the stockholders and a majority of all the shares shall have been voted in favor of such incumbrance; and a mortgage by such company of its property, including its well, tanks, machinery and appliances, authorized by its board of directors without having been submitted to its stockholders, was void.

2. Mortgages—Foreclosure—Parties—Trustee in Bankruptcy.

In an action to foreclose a mortgage, it is competent for the mortgagor's trustee in bankruptcy to question the validity of the mortgage.

*Appeal from the District Court of Arapahoe County: Hon. Frank T. Johnson, Judge.*

Mr. ERNEST MORRIS and Messrs. MULLER & SUMMERFIELD, for appellants.

Mr. H. M. ORAHOOD and Mr. H. A. LINDSLEY, for appellee.

Mr. JUSTICE GUNTER delivered the opinion of the court.

Appellant company, a domestic corporation, organized to manufacture and sell mineral and other waters, owned certain real estate, improvements and machinery thereon, and used the same for the purposes of its creation. The improvements and machinery consisted largely of a well from which mineral water was pumped, tanks which received the water, a building, a boiler and engine used in operating its carbonating machine, also of other machinery and appliances availed of in carrying on the enterprise. Part of the water pumped was drawn from the tanks, there bottled and sold in its natural state. A larger part was manufactured by treatment through the carbonating machine, and by addition of ingredients, into ginger ale, root beer and other such products, and there bottled and sold.

A mortgage, authorized by its board of directors, was given by appellant company on its above property. This action is to foreclose the mortgage. The trustee in bankruptcy of appellant company is a party defendant and questions its validity. This, because the mortgage was not authorized by its stockholders, as provided by statute.

Appellee denies appellant corporation to be within the statute; also denies the right of appellant trustee to question the action of the directors in giving the mortgage.

Whether appellant corporation is within the statute depends upon whether it is a manufacturing corporation within the meaning of that instrument.

1. "The board of directors * * * of * * * a * * * manufacturing corporation shall not have

power to encumber the    *    *    *    plant of such corporation, or the principal machinery incident to the production from such    *    *    *    plant, until the question shall have been submitted at a proper and legal meeting of the stockholders and a majority of all the shares of stock shall have been voted in favor of such proposition; and any mortgaging or encumbering of such property, without such consent, shall be absolutely void, and the vote upon such proposition shall be entered on the minutes of the corporation."— Mills' Ann. Stats., vol. 3 (Revised Sup.), sec. 481.

This corporation was organized for the manufacture and sale of mineral and other waters. A considerable part of the use for which this plant was built, and to which it was devoted, was the manufacture of various kinds of beverages produced by the combination of the natural water pumped from its well and certain other ingredients producing drinks as those mentioned.

It was held, in *Garlin v. Western Assurance Co.*, 57 Md. 515, that a flouring mill was within the term "manufacturing establishment," and in the course of the opinion, it was said of the word "manufacture":

"Its meaning has expanded as workmanship and art have advanced; so that now, nearly all artificial products of human industry, nearly all such materials as have acquired changed conditions, or new and specific combinations, whether from the direct action of the human hand, from chemical processes devised and directed by human skill, or by the employment of machinery, which, after all, is but a higher form of the simple implements with which the human hand fashioned its creation in ruder ages, are now commonly designated as 'manufactured.' *   *   *   We think, therefore, that plaintiff's flour

mill, * * * was clearly a 'manufacturing establishment.' "

In *Schrief v. Wood,* 5 Blatch. 215, animal charcoal, produced by burning bone, and bone-dust, produced by pulverizing bones, are decided to be "manufactures of bone."

These cases were approved in *Lamborn v. Bell,* 18 Colo. 346, in which it was held that the party owning and operating a plant for generation of electricity, was a manufacturer.

See, also: *Attorney General v. Bell Ice Co.,* 59 Mich. 157.

We think appellant company was a manufacturing corporation within the statute.

2. It was competent for appellant trustee to question the validity of the mortgage.—*In re Antigo Screen Door Co.,* 123 Fed. 249, 254; *McShane v. Carter,* 80 Cal. 310, 312; *Pekin Mining Co. v. Kennedy,* 81 Cal. 356.

3. The case presents no fairly debatable constitutional question.

For the reason above assigned—want of proper authority from the corporation for the execution of the mortgage—the same was void, and the following authorities sustain this conclusion:—*Duke v. Markham,* 105 N. Carolina 131; *Mannhardt v. Ill. Staats Zeitung Co.,* 90 Ill. App. 315; *McShane v. Carter, supra; Vail v. Hamilton,* 85 N. Y. 453.

The judgment below, upholding the mortgage, should be reversed.                                    *Reversed.*

The CHIEF JUSTICE and Mr. JUSTICE MAXWELL concurring.