BREAUX, C. J.
Plaintiff, a corporation located at Shrewsbury, parish of Jefferson, claims that its property is exempt from municipal and parish taxation.
The contention is that it is employed exclusively' in the manufacture of fertilizers and chemicals, and it avers that it employs five hands.
Its establishment costs about $128,000.
Plaintiff, as a manufacturer of fertilizers makes its return to the state board of agriculture, stating the brand of fertilizers it manufactures, and it receives a license or certificate to do and carry on the business of a manufacturer of fertilizers.
It commenced to operate last year (the first year of its existence) when the business season-was half over.
Plaintiff claims that it is exempt from taxation in the parish of Jefferson and in the city of New Orleans as well, wherein it has its domicile.
Plaintiff has a certain amount deposited in bank at its place of domicile, which the assessor has assessed.
It is this amount for which plaintiff specially claims exemption in the city of New Orleans.
The defendants answered plaintiff’s demand and controverted its claim to exemption from municipal taxes of the city of New Orleans.
The judgment appealed from by the defendant is favorable to the exemption claimed by plaintiff.
We have met with no difficulty in arriving at the conclusion that plaintiff is employed in the manufacture of fertilizers and chemicals, for beyond question it changes the condition of certain elements and ingrediente into new and useful products.
The manufacturer combines articles and works them up into entirely new and useful shape.
The word “manufacture” has been defined substantially as the operation of making or producing an article for use from raw or prepared materials by giving these materials new form, qualities, properties, or combinations.
The products manufactured by plaintiff fall within the terms of that definition. It combines ingredients and by its process elaborates them into a new product to fertilize the lands.
To assist in determining that it is a manufactured product, it may serve a purpose to *670 state that which it is not. For instance, a manufacturing process does not consist in roasting anything, nor in mixing or grinding products or things, such as the mixing of teas, the roasting of coffee, or the grinding of coffee, which has been held not to be a manufacturing process.
The plaintiff’s work consists in elaborating ingredients into a new form. It produces ■sulphuric acid, acid phosphate, and other acids, and uses them in its process of manufacturing a fertilizer. That operation of the products of its factory which is not a fertilizer, the testimony states, is a chemical change or new combination employed in the process of chemistry.
There is no question but that the plaintiff as a manufacturer is exempt, but the extent of the exemption has given rise to argument at the bar and in' the briefs.
The establishment of plaintiff is in one parish and its domicile is in another, at which plaintiff finds it convenient to deposit the amounts earned by its business, and, as we understand, needful to defray its expenses.
These amounts have been assessed as money loaned on interest and credits: $8,000 in possession, $1,500, as shown by the assessor’s statement.
As relates to the law under which the exemption is claimed, for convenience of reference we reproduce the article of the Constitution on the subject of exemption.[1]
Defendants urge that the amount before mentioned is not protected by exemption; that the article which exempts manufacturers from parochial and municipal taxation exempts the taxes assessed in the parish ir which the factory is located; and that, the establishment of this factory being in the parish of Jefferson, it is exempt in that parish, but not in the city of New Orleans.
We construe the article cited literally, and are of the view that parishes and municipalities have no authority to collect taxes from a manufacturer whose establishment is located in one parish and its domicile ir> an adjoining parish. The separating line of the parishes does not have the effect of doing away with the exemption. Manufacturers’ products continue exempt without regard to these lines.
In order to decree that the property is subject to taxation, we would have to read in the Constitution the words “where” and “are,” as follows: The taxation of the parish and municipality “where” the capital and machinery are employed in the manufacture of chemicals and fertilizers “are” exempt. That would impose a restriction which we do not think we are authorized to do in construing the article of the Constitution.
It is next contended by defendants that in any event the exemption does not include “money kept in bank, money at interest and credit.” (Words inserted by the assessor on his roll.) That this money is taxable is defendant’s contention.
The premise laid down here is broad, and if it were sustained by evidence it would subject the amount before assessed to taxation.
Before taking up this branch of the discussion, we deem it proper to state that the sales of the products of this factory are made in this city.
Recurring to the assessor’s return, we infer from the testimony of the witnesses that, instead of its being, as stated by the assessor in his assessment return, an amount used for other purposes than the business of the manufacture, it is an amount used to carry on its business. This amount, the evidence shows, was collected from pur *672 chasers for fertilizers sold to them. If there was any portion of the amount not used for defraying the expenses of the business and not connected therewith, of course, it would not be exempt.
The secretary of the company testified that the amounts before mentioned were for goods sold.
The factory has been in operation only a short time. It has not realized profits enough to enable it to make loans, such as stated in the assessor’s return.
If ever they should get to that point of prosperity, it will then be time to compel them to pay taxes.
We will here state, by way of conclusion on this point, that an amount kept by a manufacturer to meet current expenses is not subject to taxation, as it is a part of the capital in the business, exempted in express terms.
Something was said in the argument at the bar about the sale of cotton seed meal.
The testimony informs us that plaintiff buys oil cakes for the purpose of grinding them' into fertilizers; that they are pulverized and used in mixing the fertilizers. We are further informed that plaintiff as a rule did not sell this meal. It happened that last year, toward the end of the business season, it had a larger quantity of these cakes (bought by plaintiff) than necessary for its use. It sold them, as it would have been a loss to the company had the oil cakes been kept until the next season.
The cotton seed meal was an incident. If they were engaged in buying and selling cotton seed, they should pay. But that is not the way the matter was shown in the testimony. They have to buy a certain quantity for their business.
We take it from the testimony that when this sale of cotton seed meal was made the assessment had been closed. Moreover, we are not inclined to the view that under the circumstances this property was subject to taxation, as it was not plaintiff’s business to sell this product; i. e., cotton seed meal. The one or more sales to get rid of it did not render plaintiff subject to taxation.
While it was entirely proper, and we may say even commendable, for the assessor to assess defendant’s business in order to find out whether or not it was subject to taxation, the plaintiff company cannot be held bound by the statement made by the assessor in his return. That return could be explained or modified, after having heard testimony, to accord with the facts as they were.
The plaintiff was not estopped, and could be heard through its witnesses, to prove that this property was exempt. It could not be held to the strict letter of the assessment, and could not be prevented from showing that the amount was held by it for a different purpose than that stated in the assessment; that is, it could not be prevented from showing that it was an amount strictly forming part of its business.
It is therefore ordered, adjudged, and decreed that the judgment appealed from is affirmed.

“There shall be also exempt from parochial and municipal taxation, for a period of ten years, from the first day of January, 1901, the capital, machinery and other property employed in running operations and in manufacture of * * * fertilizers and chemicals provided, etc.”