In re ALASKA AMERICAN FISH CO. et al.

(District Court, W. D. Washington, W. D.   June 8, 1908.)

No. 626.

1. BANKRUPTCY—MANUFACTURING CORPORATION—FISH-PACKING COMPANY—"PRINCIPALLY ENGAGED IN MANUFACTURING."

A corporation organized for carrying on the business of catching and preserving by salt and marketing salt water fish, and which owns and operates a plant for the preparing, preserving, and packing of such fish, is "principally engaged in manufacturing," within the meaning of Bankr. Act July 1, 1898, § 4b, c. 541, 30 Stat. 547 (U. S. Comp. St. 1901, p. 3423), and is subject to adjudication as an involuntary bankrupt.

[Ed. Note.—What persons are subject to bankruptcy laws, see note to Mattoon Nat. Bank v. First Nat. Bank, 42 C. C. A. 4.]

2. SAME—JURISDICTION OF PROCEEDINGS—ASSOCIATED CORPORATIONS OF DIFFERENT STATES.

A manufacturing corporation was organized under the laws of Washington, having its home office and principal place of business at Tacoma. Subsequently a second corporation was organized in California, apparently for the purpose of succeeding and taking over the business of the first. Its home office was in Oakland, Cal.; but its business was transacted in Tacoma by a manager who was also the manager of the first corporation, the business of which was continued by such joint manager without change and in such manner that the transactions and liabilities of the two corporations could not be separated. *Held,* that the District Court in the Washington district had jurisdiction to entertain a petition in bankruptcy against both corporations as joint parties; it not appearing that any prior proceedings had been elsewhere instituted.

Involuntary Bankruptcy.   Heard on objections to the jurisdiction of the court.   Overruled.

F. H. Kelly, for petitioners.
Charles Bedford, for respondent.

HANFORD, District Judge.   This is an involuntary bankruptcy case, instituted in this court against two corporations, one being organized under the laws of the state of Washington and the other a California corporation.   The home office and principal place of business of the Washington corporation is at the city of Tacoma, its business was catching, preserving by salt, and marketing salt water fish, and it owned a plant for carrying on that industry in Alaska.   Fish, as a commodity of merchandise, requires the application of process for its preservation, as well as labor in packing the same in suitable receptacles for handling and transportation.   Therefore I hold that the business of said corporation was a manufacturing business, within the meaning of the bankruptcy law, and that it is subject to be adjudicated a bankrupt.

The California corporation appears to have been organized with the object of becoming the successor of the Washington corporation. The evidence, although meager, indicates that there was an understanding among its promoters that it was to take over the property and assume the obligations of the Washington corporation. Its home office is at Oakland, Cal.; but the business appears to have been conducted by a manager at Tacoma, who was also the manager of the Washington corporation, and the petitioners allege that its transactions were so intermingled with the business of its predecessor that, for the protection of the rights of creditors, it is necessary to include it as a party in this proceeding, so that administration of the estate as a unit may be under the direction of one court. This ground of jurisdiction is disputed, and the case was referred to a special master to take evidence and report the same to the court. The evidence is meager, as I have remarked; but it is uncontradicted, and it indicates that the joint manager of the two corporations continued the business of the former without apparent change as to methods or employés, and that it would be difficult, if not impossible, to separate the accounts and segregate the liabilities, and that a separation of the two concerns in bankruptcy proceedings will be impracticable.

The record does not disclose any conflict of jurisdiction by reason of proceedings instituted against the California corporation in another court, and this court, having first acquired jurisdiction of the complicated concerns, may rightfully deal with them as joint parties. Collier on Bankruptcy (6th Ed.) p. 17, In re Southwestern Bridge & Iron Company, 13 Am. Bankr. Rep. 304, 133 Fed. 568.

Objections overruled.