STATE, RESPONDENT, *v.* HENNESSY CO., APPELLANT.

(No. 5,519.)

(Submitted September 11, 1924. Decided October 1, 1924.)

[230 Pac. 64.]

*Taxation—"Manufacturer"—Constitution—Uniformity Clause Inapplicable to License Taxes.*

License Taxes—Bakery a "Manufacturer."
    1. *Held,* that a company conducting a bakery is a "manufacturer" within the meaning of section 2441, Revised Codes of 1921, pro-

---

    1. Who is a manufacturer within the meaning of tax exemption provisions, see note in 10 A. L. R. 1273.

[71 Mont. 301.]

viding for the payment of a license of ten dollars per quarter by every "manufacturer doing a business of more than $15,000 per quarter"; a manufacturer being one who produces articles for use from either raw or manufactured materials by giving to them new forms, qualities, properties or combinations.

Same—Not Controlled by Uniformity Clause of Constitution.

2. The tax imposed by section 2441, above, upon a manufacturer is the license or occupation tax provided for by the last sentence of section 1, Article XII, of the Constitution, and is not controlled by the uniformity clause contained in section 11 of the same Article; hence such license tax may be graduated according to the amount of business done and is not open to attack as being discriminatory because one doing a business of $15,000 or less a year is relieved from payment thereof.

*Appeal from District Court, Silver Bow County; Wm. E. Carroll, Judge.*

ACTION by the State against the Hennessy Company. Judgment for plaintiff and defendant appeals. Affirmed.

Cause submitted on briefs of counsel.

*Mr. John K. Claxton,* for Appellant.

*Mr. George Bourquin, Mr. Ed. Fitzpatrick* and *Mr. H. A. Tyvand,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The Hennessy Company, a domestic corporation, is now and for several years has been engaged in conducting a general mercantile business in Butte, and in connection therewith has operated a bakery in which it makes various kinds of bread, biscuits, crackers and other bakery products, of which flour is the principal ingredient. These products are sold at retail and the business of the bakery exceeds $15,000 per year. The county treasurer of Silver Bow county demanded that the company pay a manufacturer's license and upon refusal this action was instituted. The cause was tried upon an agreed

2. Constitutional limitation on power to impose license taxes, see notes in 129 **Am. St. Rep.** 249; 30 **L. R. A.** 415.

statement of facts, and resulted in a judgment in favor of the state, .from which the defendant company appealed.

Section 2441, Revised Codes, provides that ''every    *    *    *

[1]  manufacturer doing a business of more than fifteen thousand dollars per year, must pay a license of ten dollars per quarter.''

Two questions are presented: (1) In conducting its bakery business is the company a manufacturer? (2) Is section 2441 a valid legislative enactment?

1. According to its derivation, the word ''manufacture'' means to make by hand. In its broadest significance the process of manufacturing occurs whenever labor is performed upon an article which results in its assuming a new form, possessing new qualities or new combinations (2  Cooley on Taxation, 4th ed., sec. 762), but neither of these definitions conforms to the popular notion of the meaning of the term, and we are required to interpret the language of a statute by reference to its approved usage (sec. 15, Rev. Codes 1921). The first definition is altogether too restricted, whereas the second is probably too comprehensive; and it is a matter of common knowledge that even the popular usage of words varies from time to time as new conditions arise, or new or improved methods of doing things are discovered.

In the early editions of the dictionaries the lexicographers by their definitions apparently limited the meaning of the term ''manufactured article'' to one formed directly from raw material, employing . the term ''raw material'' in the sense of material in its natural state, and to such extent was that idea prevalent that as late as 1871 the supreme court of New York held that castings were not manufactured articles because made from pig iron, itself a manufactured product. (*People* v. *Holdridge,* 4 Lans. (N. Y.) 511.) But though the term ''raw material'' is retained in many definitions of ''manufacture,'' it denotes merely the material out of which the final product is made. It is obvious that what is raw material to one is a finished product to another. To the tanner leather

is a manufactured or finished product, but to the shoemaker it is raw material.

In *Tide Water Oil Co.* v. *United States,* 171 U. S. 210, 43 L. Ed. 139, 18 Sup. Ct. Rep. 837 [see, also, Rose's U. S. Notes], the supreme court said: "The primary meaning of the word 'manufacture' is something made by hand, as distinguished from a natural growth; but as machinery has largely supplanted this primitive method, the word is now ordinarily used to denote an article upon the material of which labor has been expended to make the finished product. Ordinarily, the article so manufactured takes a different form, or at least subserves a different purpose from the original materials; and usually it is given a different name. Raw materials may be and often are subjected to successive processes of manufacture, each one of which is complete in itself, but several of which may be required to make the final product. Thus, logs are first manufactured into boards, planks, joists, scantlings, *etc.*, and then by entirely different processes are fashioned into boxes, furniture, doors, window-sashes, trimmings and the thousand and one articles manufactured wholly or in part of wood. The steel spring of a watch is made ultimately from iron ore, but by a large number of processes or transformations, each successive step in which is a distinct process of manufacture, and for which the article so manufactured receives a different name. The material of which each manufacture is formed, and to which reference is made in section 3019, is not necessarily the original raw material—in this case the tree or log—but the product of a prior manufacture; the finished product of one manufacture thus becoming the material of the next in rank."

In the Century Dictionary the noun "manufacture" is defined as follows: "The operation of making goods or wares of any kind; the production of articles for use from raw or prepared materials by giving to those materials new forms, qualities, properties or combinations, whether by hand labor or by machinery; used more especially of production in a large

way by machinery or by many hands working collectively.''
This definition has been approved in many cases, among them:
*Dolese & Shepard Co.* v. *O'Connell,* 257 Ill. 43, 100 N. E. 235.;
*State* v. *Tichenor Antiseptic Co.,* 118 La. 685, 43 South. 277;
*Bank* v. *Wm. R. Trigg Co.,* 106 Va. 327, 56 S. E. 158. Under
this definition, which appears to comport with the popular
meaning of the term, it is altogether immaterial whether the
ingredients of a final product are raw material in the primary
sense of the term or whether they are themselves manufactured
articles. (*Louisville* v. *Louisville Tin & Stove Co.,* 170 Ky.
557, 186 S. W. 124; *Planters' Fertilizer & Chemical Co.* v.
*Board of Assessors,* 116 La. 667, 40 South. 1035; *Dolese &
Shepard Co.* v. *O'Connell,* above.)

The following citations fairly illustrate the views of the
courts in the application of the definition of the term ''manu-
facture'' or one of its derivatives to particular cases:

''Manufacturing'' is held to include making arches, bridges
and buildings from concrete: *Friday* v. *Hall,* 216 U. S. 449,
26 L. R. A. (n. s.) 475, 54 L. Ed. 562, 30 Sup. Ct. Rep. 261
[see, also, Rose's U. S. Notes]; *Commonwealth* v. *Filberg
Pav. & Constr. Co.,* 229 Pa. 231, 78 Atl. 104. Making
bags from burlap: *State* v. *Bemis Bros. Bag Co.,* 135
La. 397, 65 South. 554. House construction: *In re Rut-
land Realty Co.* (D. C.), 157 Fed. 296. Fruit canning:
*Nixa Canning Co.* v. *Lehmann-Higginson Grocery Co.,* 70 Kan.
664, 70 L. R. A. 653, 79 Pac. 141; Fish packing: *In re Alaska
American Fish Co.* (D. C.), 162 Fed. 498. Shipbuilding: *Co-
lumbia Iron Works* v. *National Lead Co.,* 127 Fed. 99, 64
L. R. A. 645, 62 C. C. A. 99; *In re Marine Construction & Dry
Dock Co.,* 130 Fed. 446, 64 C. C. A. 648. Sugar Refining:
*State* v. *American Ref. Co.,* 108 La. 603, 32 South. 965.
Electrotyping and lithographing: *State* v. *State Board,* 47
N. J. L. 36.

''Manufactured products'': Paving compound: *People* v.
*Knight,* 99 App. Div. 62, 90 N. Y. Supp. 537. Mixed paints:
*People* v. *Roberts,* 51 App. Div. 77, 64 N. Y. Supp. 494.

Sewer-pipe: *Appeal of Iowa Pipe & Tile Co.,* 100 Iowa, 170, 70 N. W. 115.   Packing products: *Engle* v. *Sohn,* 41 Ohio St. 691, 52 Am. Rep. 103.   Sarcophagus: *Crier* v. *Innes,* 170 Fed. 324, 95 C. C. A. 508.   Coke: *Commonwealth* v. *Juniata Coke Co.,* 157 Pa. 507, 22 L. R. A. 232, 27 Atl. 373.   Animal charcoal: *Schriefer* v. *Wood,* 5 Blatchf. 215.

"Manufacturing establishments" are held to include electric light plants: *Lamborn* v. *Bell,* 18 Colo. 346, 20 L. R. A. 241, 32 Pac. 989; *Beggs* v. *Edison & Co.,* 96 Ala. 295, 38 Am. St. Rep. 94, 11 South. 381; *Angola Ry. & Power Co.* v. *Butz,* 52 Ind. App. 420, 98 N. E. 818; *Kentucky Electric Co.* v. *Buechel,* 146 Ky. 660, Ann. Cas. 1913C, 714, 38 L. R. A. (n. s.) 907, 143 S. W. 58: The United States Bureau of Engraving and Printing: *Harley* v. *United States,* 39 Ct. of Cl. 105.   Steam heating plants: *Wells* v. *Christian,* 165 Ind. 662, 76 N. E. 518.   Gas plants: *Nassau Gaslight Co.* v. *Brooklyn,* 89 N. Y. 409.   Bottling works: *Carlsbad Water Co.* v. *New,* 33 Colo. 389, 81 Pac. 34.   Shingle-mills: *In re Arkansas Cypress Shingle Co.,* 74 Ark. 28, 84 S. W. 1029.   Sawmills: *Graham* v. *Magann Fawke Lumber Co.,* 118 Ky. 192, 4 Ann. Cas. 1026, 80 S. W. 799.   Flour-mills: *Carlin* v. *Western Assurance Co.,* 57 Md. 515, 40 Am. Rep. 440.   Ice plants: *Ballard* v. *Kentwood Ice Mfg. & Bottling Works,* 147 La. 583, 85 South. 598.

In *Kohlsaat & Co.* v. *O'Connell,* 255 Ill. 271, 99 N. E. 689, it was held that one engaged in making bakers' goods and restaurant supplies is engaged in manufacturing, and in *United States* v. *Thomas Meadows & Co.* (C. C.), 147 Fed. 757, it was held that wafers, biscuits and other bakery products are manufactured articles.

Counsel for defendant has not directed our attention to any authority which holds that a baker is not a manufacturer, but he relies for a reversal of this judgment upon *New Orleans* v. *Mannessier,* 32 La. Ann. 1075, which holds that one engaged in making ice-cream for sale is not engaged in manufacturing and *State* v. *Johnson,* 20 Mont. 367, 51 Pac. 820, which holds

that a merchant tailor who merely cuts and fashions a suit of clothes as ordered by a customer is not a manufacturer within the meaning of the statute now under consideration. In the first citation counsel was unfortunate, for the same court thirty-six years later decided that one who makes ice-cream for sale is a manufacturer. (*Collector* v. *Brown,* 140 La. 928, 74 South. 253.)

We do not find fault with the conclusion reached in *State* v. *Johnson,* but much that is said in argument and by way of illustration would not be accepted as applicable to-day.

In view of the reasoning which underlies the decided cases above, and the definition of the term "manufacturer," as that definition is popularly understood at the present time, and as it was understood generally when section 2441 was incorporated into the laws of this state, we conclude that defendant's bakery is a manufacturing plant, and in operating it the defendant is a "manufacturer," within the meaning of the statute.

We have not overlooked the provisions of section 2589, Revised Codes of 1921, but we do not deem them pertinent to the present inquiry.

2. The second contention advanced by defendant's counsel [2] merits but slight consideration. It is argued that a statute which imposes a license upon a manufacturer doing a business exceeding $15,000 per year, but relieves the one whose business does not exceed the stated amount, is discriminatory and void as violating the provisions of section 11, Article XII, of our state Constitution which declares that taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the same. Section 11, however, is to be read in connection with section 1 of the same Article, which latter section, after providing for a uniform system of taxation, declares that "the legislative assembly may also impose a license tax, both upon persons and upon corporations doing business in the state."

The license imposed by section 2441 is the license or occupation tax referred to in the last sentence of section 1, Article XII, above, and that it is not controlled by the uniform clause of section 11 but may be graduated according to the amount of business done are propositions now too well settled for further discussion. (*State ex rel. Sam Toi* v. *French,* 17 Mont. 54, 30 L. R. A. 415, 41 Pac. 1078; *Quong Wing* v. *Kirkendall,* 39 Mont. 64, 101 Pac. 250; *State* v. *Hammond Packing Co.,* 45 Mont. 343, 123 Pac. 407; *Equitable Life Assurance Co.* v. *Hart,* 55 Mont. 76, 173 Pac. 1062.) The fact that a bakery doing a business of $15,000 or less per year is relieved from paying the license tax does not render the statute open to attack. (*Gelsthorpe* v. *Furnell,* 20 Mont. 299, 39 L. R. A. 170, 51 Pac. 267.)

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN and STARK concur.

MR. JUSTICE RANKIN, being disqualified, takes no part in the foregoing decision.

Rehearing denied October 15, 1924.