### NICKLES et v ECHELBERGER

Ohio Appeals, 5th Dist, Ashland Co

Decided March 22, 1935

Henderson & Henderson, Ashland, and John F. Locke, Canton, for plaintiff in error.

C. S. Huffman, Director of Law, Ashland, and F. D. Schell, Ashland, for City of Ashland and its mayor.

**OPINION**

By THE COURT

The Nickles case is an action in equity originating in the Common Pleas Court of Ashland County. Thereby injunctive relief is sought to restrain the mayor from the issuance of warrants, under city ordinances, for the arrest of Rastetter or any one else operating the plaintiff's trucks in the sale and delivery of bread and other baked goods in the city of Ashland. This action comes to this court on appeal.

The Rastetter case had its inception in the Municipal Court of the city of Ashland. Therein an affidavit was filed against him under municipal ordinances Nos. 154 and 155, charging that he did unlawfully peddle and sell bread in the city of Ashland without having first obtained a license and permit so to do from the mayor of said city. Rastetter was found guilty of the offense charged and was fined Twenty-five Dollars and the costs. Error was prosecuted therefrom to the Common Pleas Court, which consolidated the proceeding with the suit of equity, and upon final hearing the judgment was affirmed and the injunction denied, and from these judgments, Nickles and Rastetter prosecute error and appeal to this court, wherein the same were presented and heard jointly.

The claimed errors upon which the Rastetter proceeding is predicated are nine in number; all of which are not urged in oral argument or in briefs filed. We shall therefore consider only the claim that the Municipal Court's judgment is contrary to law and against the weight of the evidence. These errors, if maintainable, are determinative of the entire controversy.

The Nickles action is submitted to this court upon the record of testimony made in the trial court. It is maintained therefrom that the evidence offered warrants the issuance of the writ prayed for.

In both cases three certain ordinances of the city of Ashland are drawn in question, as is also one section of the General Code. We shall quote them in full.

Section 154. "It shall be unlawful for any peddler, transient person or persons within the limits of the city to peddle or sell either for cash or upon the installment plan goods, wares, or merchandise or offer for sale such goods, wares or merchandise without first having obtained a license and permit for such business from the mayor."

Section 155. "The mayor is hereby authorized to issue such license or permit to any such person or persons, firm, company or corporation applying to him for same, and the mayor is hereby authorized to demand and receive from such applicant for such license or permit a sum of not less than $1.00 or more than $25.00 per day for each and every day of such sales; provided however that this section and the preceding section shall not apply to persons selling by sample, to retailers only, nor to

any agricultural article, or products offered or exposed for sale by the producer."

Section 156. "Whoever violates any of the provisions of §§154 and 155 relating to the licensing of peddlers and transient dealers, upon conviction thereof shall be fined not less than $1.00 or more than $25.00 for each offense."

Sec 3672, GC, appearing under the title of General Powers, Enumeration of Powers, License, as applying to municipalities generally, provides:

Sec 3672 GC, License power; exception. "To license exhibitors of shows or performances of any kind, not prohibited by law, hawkers, peddlers, auctioneers of horses and other animals on the highways or public grounds of the corporation, vendors of gun powder and other explosives, taverns and houses of public entertainments, and hucksters in the public streets or markets, and, in granting such license, may exact and receive such sum of money as it may think reasonable, but no municipal corporation may require of the owner of any product of his own raising, or the manufacturer of any article manufactured by him, license to vend or sell in any way, by himself or agent, any such article or product. Such council may confer upon, vest in and delegate to the mayor of the corporation authority to grant, issue and revoke licenses."

As pointed out by the brief of counsel for the city and its officer, Ordinance No. 155 does not contain the exception appearing in §3672, GC, pertaining to the exemption of a "manufacturer of any article manufactured by him, license to vend or sell in any way, by himself, or agent, any such article or product."

The record in the criminal case discloses an admission by the plaintiff in error "that prior to his arrest, he has been engaged in the selling of bread upon the streets of Ashland, city of Ashland, from house to house." Thereafter appears the testimony of Alfred Nickles, both direct and cross-examination and interrogation by the court. This discloses that Nickles owned and operated a bakery in the village of Navarre, (Stark County, Ohio) that he sold at wholesale and retail only products of his own manufacture. That he had 69 retail routes, which were covered by trucks which he owned and which were driven by his agents, including the plaintiff in error, that they were paid a salary and commission,

that they received their loads in the morning and settled at night for the articles sold and turned in the unsold portion. From this undisputed evidence the trial court found that Rastetter was an independent contractor and peddler. We are unable to understand how it was possible to reach such a conclusion from the evidence presented. Viewed in the light of the distinction pronounced by the court in Industrial Commission v Laird, 126 Oh St, 619, it is certain that the appellant had and exercised complete control over the activities of Rastetter. He not only had the right to control but exercised it daily. It is beyond question that Rastetter was but an employee and agent of Nickles. The city however, further maintains that even if this conclusion from the evidence be true, that a bakery is not a manufacturing establishment and not within the exception created by §3672, GC, and that therefore the statute could not be controvened by the ordinance.

We are invited to adopt a restricted definition of the term "manufacture". In State v Hennessey Co., 71 Mont., 301, 230 Pac., 64, it was held that a bakery is a manufacturing plant; and the court in arriving at that result selects with approval the definition taken from the Century Dictionary, which to us seems more nearly to embrace the present enlarged meaning of the term, as is therein said:

"The operation of making goods or wares of any kind; the production of articles for use from raw or prepared materials by giving to those materials new forms, qualities, properties or combinations, whether by hand labor or by machinery; used more especially of production in a large way by machinery or by many hands working collectively."

See also City of Ozark v Hammond, Mo., 49 SW Ind., 129; Campbell Baking Co. v City of Harrisonville, 19 Fed. (2d), 159; and In re Irish, 122 Kan., 33, 250 Pac., 1056.

In Commonwealth v Thackra Mfg. Co., 156 Pa., 510, 27 Atl., 13, it is recognized that the power to manufacture implies a power to sell the article produced, but that when one also buys and sells that he becomes a merchant, and, although the two characters may be united in one person, they do not merge. Considering the dual capacity that such a one may have, it is said in Chattanooga Plow Co. v Hays, 125 Tenn., 148 SW, 1068, that "the marked distinction between a manufacturer and a

merchant is that the merchant, or dealer sells to earn a profit, and the manufacturer sells to take profit already earned." Therein it is further held, that:

"If he deals as a merchant, either in his own wares or those of others, he is a merchant, any course of business by which a dealer's profit is added to that of the manufacturer would make the manufacturer a merchant."

This reasoning to us seems to be sound and apropos to our present query, in as much as Nickles not only retails but wholesales; but the insurmountable obstacle to adoption of such a rule of law in this state is found in §3672, GC, itself, that is in the words, "to vend or sell in any way".

The legislature, had it chosen, could have easily embodied such a distinction in the statute. It did not so choose. This court can not do so. We must therefore conclude that Rastetter's employer being a manufacturer, and his agent had a right to sell goods of his own manufacture 'in any way.'

Before ending this feature of the case, **Engle v Sohn & Co., 41 Oh St, 691,** should be noted. Although this case deals with the same question, as it relates to a pork packer; its reason for holding is helping in the present instance. It is also authoritative on the question here presented.

The city maintains that its ordinances are not invalid. That under and by virtue of §7 of Article XVIII, it has become and is a city; second, that by virtue thereof and the rights and powers conferred by §3 of the same article it has "authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations as are not in conflict with general laws," and these ordinances are a warranted police regulation upon one who uses its streets.

In the **Village of Struthers v Sokol and City of Youngstown v Sandels, 108 Oh St, 263,** the court points out that these powers are restricted in that the exercise thereof must not be "in conflict with general laws." And the court further says, in **Schneiderman v Sesanstein, 121 Oh St, 80:** "Thus the legislative branch of the state government enacts laws to safeguard the peace, health, morals and safety, and to protect the property of the people of the state, and these are the general laws referred to." It is therefore clear that the safety and property of the plaintiff in error and the appellant are contemplated by the constitutional provision and code enactment. The second syllabus of the Struthers case declares that:

"In determining whether an ordinance is in conflict with general laws, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa."

It will be recalled that Ordinance No. 155 omits the exception applying to manufacturers and their agents which is found in §3672, GC. There is therefore presented a clear case of 'conflict' and the ordinance must yield to the statute. In this respect the ordinance is invalid, and we must and do conclude that Rastetter was wrongfully convicted.

The proof made in the appeals case clearly shows that Nickles, a citizen of another county, in this state, has a valuable property right in his bread route, that if he is denied injunctive relief from harassment and arrest under the invalid portion of the ordinance, his business will be discriminated against, his property right invaded, and be deprived thereof without due process of law. We perceive no remedy at law which would adequately protect him in his constitutional right.

It is true that a court of equity will not, as a general rule, interfere with administrative or police officers in the exercise of their duties, even though they perfrom them in an offensive and unlawful manner, but it is another matter, when officers pursue or threaten to pursue a course of action under an invalid enactment to the end that such would be confiscatory of that one's property. Such procedure when so grossly discriminatory and unfair as against a citizen of the state because he is a non-resident of the city in which he operates must demand, of a court of equity, relief where the law affords no adequate remedy. In Campbell Baking Co. v City of Harrisonville, supra, is to be found an exact duplicate of the present circumstances. The court in that instance granted the same relief as is herein prayed for.

Had the ordinance prescribed that local merchants were subject to the same license fees and requirements, the discriminatory feature would be removed. In conclusion, we feel constrained to direct counsel's attention further to the case of **Sipe v Murphy, 49 Oh St, 536.** This authority is pertinent in view of that portion of ordinance No. 155 which has to do with the discretion vested in the mayor to require a license fee of $1.00 to $25.00 for each day

of such sale. The mayor might demand the maximum amount. It is said in the Sipe case that such an amount "is an unreasonable exercise of the power granted to municipalities" under R.S. 1692, now §3672, GC, and is invalid. See also: Silverton v Davis, 10 O.C.C. (N.S.), 60, affirmed without opinion in 80 Oh St 709, and City of Toledo v Brown, 14 O.C.C. (N.S.), 165 affirmed with opinion in 84 Oh St, 491.

It is the judgment of this court in the error proceeding that the plaintiff in error was improperly convicted, and the judgment is reversed and the plaintiff in error is discharged. It is the finding of the court in the appealed cause that the appellant is entitled to the relief prayed for and the injunction is allowed. Exceptions are noted in each proceeding.

LEMERT, MONTGOMERY and SHERICK, JJ, concur.