# Commonwealth, Appellant, *v.* Filbert Paving & Construction Company.

*Corporations—Manufacturing companies—Exemption for capital stock tax—Act of June 8, 1893, P. L. 353.*

1. The holding of a foreign charter does not take a manufacturing corporation out of the class exempted from the payment of capital stock taxes.

2. A paving and construction company, incorporated to do a manufacturing business, and engaged in the business of manufacturing cement floors, asphalt floors, pavements, roadways and structural concrete, is primarily engaged in a manufacturing business within the purview of the act of June 8, 1893, and is entitled to exemption from payment of capital stock taxes. If any part of its capital is not so employed the burden is on the commonwealth to show what part and how much of its capital is not so employed in order to fix a valuation for the purposes of taxation.

3. While the purpose stated in the charter of a corporation is not conclusive of the nature and character of the business to be transacted, it does primarily indicate the purpose for which the corporation is created, and the burden rests upon those who challenge the primary purpose stated in the certificate of incorporation to show that it is something different.

Argued May 23, 1910. Appeal, No. 9, May T., 1909, by plaintiff, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1907, No. 184, in favor of defendant in case of Commonwealth of Pennsylvania v. Filbert Paving & Construction Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Appeal by defendant from account settled by auditor-general and state treasurer for tax on capital stock. Before McCARRELL, J.

From the record it appeared that the Filbert Paving & Construction Company was a corporation of the state of Delaware engaged in business in the state of Pennsylvania. It was engaged in the business of manufacturing cement floors, asphalt floors, pavements, roadways, and structural concrete from cement, sand, crushed stone, cinder, asphaltum, asphalt mastic, bitumen, silica grit, carbonate of lime, petroleum residuum, and various coloring materials as authorized by its charter.

*Errors assigned* were (3) in reaching the first conclusion of law as follows: "The defendant company is in fact and law a corporation of another state, organized under the laws thereof for manufacturing purposes with all of its capital stock, except $10,800, invested in and actually and exclusively employed in carrying on manufacturing in this state, and is therefore entitled to exemption from any capital stock tax on the capital stock thus invested and employed;" and (5) in directing judgment for defendant.

*William M. Hargest,* assistant deputy attorney general, with him *J. E. B. Cunningham,* deputy attorney general, and *M. Hampton Todd,* attorney general, for commonwealth, appellant.—Defendant is not in the legislative class of manufacturing companies: Com. v. Light & Power Co., 145 Pa. 105; Com. v. Keystone Electric

Light, etc., Co., 193 Pa. 245; Com. v. Marsh, 3 Pa. Dist. Rep. 489; People v. Dry Dock Co., 63 How. Prac. 451; 92 N. Y. 487.

A grant of exemption from taxation, being in the nature of a renunciation of sovereignty, must invariably be construed most strictly against grantee: Bank of Penna. v. Com., 19 Pa. 144; Jones & Nimick Mfg. Co. v. Com., 69 Pa. 137.

*Hampton L. Carson* and *M. E. Olmsted,* with them *A. C. Stamm* and *John Kent Kane,* for appellee.—The court found as a fact that defendant was engaged in "manufacturing," and under the definitions no other conclusion was possible: Com. v. Light & Power Co., 145 Pa. 105; People v. Ice Co., 99 N. Y. 181; Murphy v. Arnson, 96 U. S. 131; Re Niagara Contracting Co., 127 Fed. Repr. 782; Com. v. Allegheny Gas Co., 1 Dauph. 93; Com. v. Keystone Bridge Co., 156 Pa. 500.

OPINION BY MR. JUSTICE ELKIN, July 1, 1910:

The appellee was incorporated in the state of Delaware as a manufacturing company. Its property and assets are all located in the state of Pennsylvania where its principal business is transacted. The commonwealth through its accounting officers made a tax settlement upon its capital stock and insists upon the payment of the same. The learned court below held that it is a manufacturing company and as such is entitled to the exemption provided by our statutes. It is argued for the commonwealth that the appellee company is not within the class of manufacturing corporations intended to be exempted from the payment of capital stock taxes, and in support of this contention it is suggested that the holding of a foreign charter places it in a class not included in our exemption statutes. This position is without force and cannot be sustained. It is not an open question in Pennsylvania. It was settled adversely to the commonwealth then and now in Com. v. American Car, etc., Co.,

203 Pa. 302. That case was affirmed on the opinion of the court below which exhaustively considered the question and covered the ground so completely as to leave nothing of value to be added to the discussion.

Again, it is argued, that even if this company had been incorporated in our own state, it could not be considered as a manufacturing company within the meaning of our exemption laws. The latest act relating to this subject is that of 1893, which provides that the capital stock of a manufacturing corporation shall not be subject to the payment of a capital stock tax upon that portion of its capital "invested in and actually and exclusively employed in carrying on manufacturing within the state." The only companies expressly excepted from the exempted class by this act are those which enjoy the right of eminent domain, and those engaged in brewing or distilling liquors. The appellee does not possess or enjoy the right of eminent domain, nor is it engaged in the brewing or distilling business, and is not therefore within the class or classes of corporations to which by the express provisions of the statute the exemption does not apply. Nor do we think there is any other sufficient reason why this company is not entitled to the benefits of our exemption laws as a manufacturing corporation. It was incorporated for manufacturing purposes and has the prima facie right under its charter to do a manufacturing business. While the purpose stated in the charter is not conclusive of the nature and character of the business to be transacted, it does primarily indicate the purpose for which the corporation is created. Of course it may be made to appear either in point of fact or as a matter of law that a company so incorporated is not what it purports to be, but the burden rests upon those who challenge the primary purpose stated in the certificate of incorporation to show that it is something different. In the present case this burden has not been met. It was tried in the court below without a jury under the act of 1874, and the findings of fact as well as the conclusions

of law are all at variance with the contention of the commonwealth. The case was heard on depositions, no oral testimony having been introduced, and upon the facts thus established the learned court below based its findings and conclusions. A careful examination of this record has failed to convince us of any reversible error either as to the findings of fact or conclusions of law by the learned court below. The annual report filed in the office of the auditor general, where under the law it is required to be filed, shows that the appellee company had no capital employed or invested in this state in real estate, or personal property, or money on deposit bearing interest, other than was actually employed in its manufacturing business, except as to a certain item mentioned. The deposition submitted at the hearing upon which both sides rely specifically states that "the defendant company had all of its assets, wholly and exclusively employed in its manufacturing business as aforesaid within the state of Pennsylvania, except $10,800, invested in the coal business." Judgment was entered in the court below for the taxes upon that portion of its capital invested in the coal business and therefore the commonwealth has nothing about which to complain as to the tax on this item. It is conceded that the appellee has a plant, real estate, machinery and appliances used in the manufacture of its products, and it must be conceded that all of the capital so invested is employed in the manufacturing business. It may be difficult to define with legal exactness just what part of a business may be considered manufacturing and what part may not. So far as this record discloses all of the capital of the company invested in Pennsylvania except the item above mentioned is employed in the manufacturing business. The annual report so states and the deposition so avers, and there is no testimony to the contrary. Under these circumstances there is no foundation upon which to base the contention that the appellee is not entitled to the exemption. Upon the general proposition as to what

constitutes a manufacturing business it may be said that our courts have held that making brick, burning coal into coke, tanning hides and producing leather, and the assembling of parts and the erection of bridges by the use of structural steel are manufacturing processes. As to bridges, see Com. v. Keystone Bridge Co., 156 Pa. 500, and Com. v. Pittsburg Bridge Co., 156 Pa. 507. In all such cases the proper rule is to include in the exempted capital the value of the plants, property, machinery and appliances incidental and necessary to complete the manufactured product. We all agree that the appellee company was incorporated to do a manufacturing business, and in point of fact is primarily so engaged. If any part of its capital is not so employed, the burden was on the commonwealth to show what part and how much of its capital was not so employed in order to fix a basis of valuation for the purpose of taxation. This may be done by means of the report filed by the company, and if this be not satisfactory, then by any other evidence obtainable for the purpose. No evidence was introduced in the present case upon which to base a finding that any part of the capital except the item of $10,800, was used other than in its manufacturing business. The tax was imposed upon the capital employed in the coal business, and all other capital so far as this record shows was actually used and employed in the manufacturing business.

Judgment affirmed.