Commonwealth *v.* Interstate Amiesite Corp.,
Appellant.

Argued May 28, 1963. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Francis B. Haas, Jr.,* with him *Richard C. Fox,* and *McNees, Wallace & Nurick,* for appellant.

*Edward T. Baker,* Deputy Attorney General, with him *Walter E. Alessandroni,* Attorney General, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, October 9, 1963:

This is an appeal from a judgment of the Dauphin County court, which sustained the action of the Commonwealth's Board of Finance and Revenue in refusing a resettlement of the appellant's franchise tax account for the fiscal year ended March 31, 1959.

The facts were stipulated of record.

The appellant, The Interstate Amiesite Corporation, a Delaware corporation, has its principal place of business in Concordville, Delaware County, Pennsylvania. Its business activities include the production of bituminous paving material (asphalt). Part of this material is sold in plastic form to customers at its plant, and part is used by the corporation itself in road paving work as a sub or prime contractor.

For the year in question, the appellant sold 41.5% of its entire asphalt tonnage production to other persons, and used 58.5% thereof in its own road paving contracts. Sixty-five per cent of appellant's tangible property was employed in the production of the asphalt, and 68% of its gross receipts were derived from this activity.

In its franchise tax report, the appellant claimed that all of its activities, i.e., the production of asphalt

for sale to others, that used in its paving activities, as well as its road paving work, were all "manufacturing" for the purposes of the manufacturing exemption included in the Franchise Tax Act. In other words, that for this purpose the appellant's operation was primarily manufacturing and had to be viewed as one integrated enterprise.

Under the Act of June 1, 1889, P. L. 420, as amended by the Act of May 24, 1956, P. L. (1955) 1703, §1, and under the Act of June 1, 1889, P. L. 420, §21, as amended by the Act of March 15, 1956, P. L. (1955) 1285, 72 P.S. §1871 (Pocket Parts), the taxable value of the capital stock of a foreign corporation in Pennsylvania is to be determined by a statutory apportionment formula. This formula provides that the actual value of the corporation's capital stock shall be ascertained and divided into three equal parts. The proportion of this evaluation is to be attributed to business carried on within the Commonwealth by the use of three allocation fractions. The statute provides for the use of these allocation fractions by excluding from the numerator thereof: (1) The portion of taxpayer's tangible property used actually and exclusively in manufacturing; (2) Wages paid to employees engaged in these manufacturing activities; (3) Gross receipts "strictly incident or appurtenant to" the manufacturing activities. Such exclusion constitutes the so-called "manufacturing exemption."

The Commonwealth in making its assessment took the position that the appellant was really engaged in separate and distinct businesses: (1) The production of asphalt for sale; (2) The production and use of asphalt for paving contract activities. Accordingly, it allowed a manufacturer's exemption based upon the gross receipts accruing from the sale of asphalt to others, but denied the exemption as far as the production and use of the material by the corporation itself

or the receipts received from the road paving work. This position was sustained by the board and the lower court. Its correctness is here challenged.

The production of asphalt constitutes manufacturing. See, *Commonwealth v. Filbert Co.*, 229 Pa. 231, 78 A. 104 (1910). By the same token, the construction or paving of roadways is not in this category. See, *Commonwealth v. Wark Co.*, 301 Pa. 150, 151 A. 786 (1930) ; *Pittsburgh v. Electric Welding Co.*, 394 Pa. 60, 145 A. 2d 528 (1958) ; *Commonwealth v. McHugh,* 406 Pa. 566, 178 A. 2d 556 (1962).

The question for decision, therefore, may be stated thusly : Where a corporation primarily engaged in manufacturing ventures on a substantial basis into an activity which is not manufacturing or incident thereto, does the exemption under the Franchise Tax Act extend to and include everything including the non-manufacturing activities?

It may be stated as a general proposition that a corporation primarily engaged in manufacturing, does not ipso facto lose its right to the full exemption provided for by the further use of a process which, in itself, is non-manufacturing. See, *Commonwealth v. Keystone Bridge Co.,* 156 Pa. 500, 27 A. 1 (1893) ; *Commonwealth v. Pittsburgh Bridge Co.,* 156 Pa. 507, 27 A. 4 (1893) ; *Commonwealth v. Filbert Co.,* supra. Conversely, a corporation engaged primarily in non-manufacturing does not become entitled to the exemption because it also engaged in activities which would be considered within the generic meaning of the word "manufacturing," unless the capital for which the exemption is sought is actually engaged in manufacturing and the article manufactured is sold as an article of commerce : *Commonwealth v. McCrady-Rodgers Company,* 316 Pa. 155, 174 A. 395 (1934).

The present facts are not covered by the above general rules. Herein, the appellant is primarily engaged

in manufacturing the production of asphalt. It also engages in road paving work, which is not manufacturing, nor is it incidental or appurtenant thereto. It is a substantial part of its business. It is our conclusion that this last mentioned activity is clearly not within the exemption given by the Franchise Tax Act. That such was intended by the legislature is manifest by the use of the statutory terms, "exclusively engaged in," "actually and exclusively used in" and "strictly incident or appurtenant to," in describing that which is included within the exemption.

However, we further conclude that the exemption does cover that part of appellant's business activity included in the production and use of the asphalt, whether it be sold to others or used in its own operation. *The use in both instances is "strictly incident or appurtenant to" the manufacturing, which is the primary activity.*

The segregation of a taxpayer's activities for the purposes of taxation under the pertinent statute is proper and reasonable. See, *Hazen Engineering Co. v. Pittsburgh,* 189 Pa. Superior Ct. 531 151 A. 2d 855 (1959) ; *Commonwealth v. Columbia Gas and Electric Corporation,* 336 Pa. 209, 8 A. 2d 404 (1939) ; *Commonwealth v. Ford Motor Company,* 350 Pa. 236, 38 A. 2d 329 (1944).

Judgment vacated and record remanded with directions to enter a judgment consonant with this opinion.