Allegheny Contracting Industries, Inc. *v.* The City
of Pittsburgh, a Municipal Corporation,
Appellant.

. Argued May 1, 1978, before Judges CRUMLISH, JR.,
WILKINSON, JR. and BLATT, sitting as a panel of three.

*Grace S. Harris,* Executive Assistant City Solici-
tor, with her *Mead J. Mulvihill, Jr.,* City Solicitor, for
appellant.

*Victor R. Delle Donne,* with him *Owen B. Mc-
Manus, Richard D. Rosen,* and *Baskin, Boreman,
Wilner, Sachs, Gondelman & Craig,* for appellee.

Opinion by Judge Wilkinson, Jr., May 23, 1978:

This is an appeal from an order of the Allegheny County Court of Common Pleas which sustained appellee's appeal from an assessment by the treasurer of appellant (City) of taxes, penalty and interest for the years 1969-1973 under the City's Business Privilege Tax Ordinance. We affirm the common pleas court.

The amount of tax imposed on a business under the City's Business Privilege Tax Ordinance is measured by the annual gross receipts of such business, defined as:

> Cash, credits, property of any kind or nature, received in or allocable or attributable to the City of Pittsburgh from any business or by reason of any sale made, including resales of goods, wares or merchandise taken by a dealer as a trade-in or as part payment for other goods, wares or merchandise, or services rendered, or commercial or business transaction had within the City of Pittsburgh, without deduction therefrom on account of the cost of property sold, materials used, labor, service, or other cost, interest, or discount paid, or any other expense.

Under Section 2(4) of The Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, *as amended*, 53 P.S. §6902(4), however, the City cannot tax "goods and articles manufactured" within its borders nor "any privilege, act or transaction related to the business of manufacturing. . . ." Appellee, a corporation located within the City, is in the business of heavy construction and also operates an asphalt plant, from which some of the asphalt produced is sold to others and some is used by appellee in fulfilling its own paving contracts. In its calculation of "gross receipts" on the business privilege tax returns for the years

1969-1973, appellee excluded as being "related to the business of manufacturing" not only receipts at the rate of $15 a ton from the sales of its asphalt to others (an exclusion which the City has not disputed), but also nine dollars per ton for the asphalt it produced for its own use in the fulfillment of its paving contracts. Appellee claimed that such amount represented the cost of producing such asphalt, although appellee charges a unitary price for the goods and services it provides in the execution of its paving contracts and makes no separate charge for the nine dollars per ton cost of producing the asphalt. The City's treasurer disallowed the exclusion of the nine dollars per ton for the asphalt appellee produced for its own use and assessed appellee $7,882.92 plus penalty and interest. The common pleas court sustained appellee's appeal from that assessment.

We agree with Judge FARINO of the trial court that this case is controlled by *Commonwealth v. Interstate Amiesite Corp.*, 412 Pa. 180, 194 A.2d 191 (1963). There our Supreme Court held that a corporation which produced asphalt both for sale to others and for its own use in fulfillment of paving contracts was entitled to a manufacturing exclusion under the Act of June 1, 1889, P.L. 420, *as amended, formerly* 72 P.S. §1871 et seq., repealed by the Act of March 4, 1971, P.L. 92, for "that part of [its] business activity included in the production and use of the asphalt, *whether it be sold to others or used in its own operation." Id.* at 184, 194 A.2d at 193. (Emphasis added.) We see no merit to the City's attempted distinction of the *Interstate Amiesite, supra,* rule from the facts of this case, especially since the test for a manufacturer's exclusion of gross receipts under the statute there required that such receipts be "strictly incident or appurtenant to" manufacturing activities while the test applicable under the ordinance here requires only

that the privilege, act or transaction be "related" to manufacturing. Nor do we see a valid distinction in the fact that the amount of asphalt used by Interstate Amiesite for the fulfillment of its own contracts was less than 60 per cent of its total production, while here the court below found that the corresponding figure for appellee was approximately 70 per cent. As Judge FARINO stated:

It would be extremely difficult to determine what amount constitutes a substantial amount. Regardless of what amount is sold to others, and what amount is used for construction, only the amount of the cost of the manufacture of the asphalt will be deducted. We feel this is fair and in accordance with the statute.[1]

Accordingly, we will enter the following

ORDER

Now, May 23, 1978, the order of the Allegheny Court of Common Pleas, S.A. 710 of 1974, dated May 22, 1975, is hereby affirmed.

_____

[1] The City relies principally on the case of *Commonwealth v. McGrady-Rodgers Co.*, 316 Pa. 155, 174 A. 395 (1934). An examination of that case and its paperbooks reveal that the question there was whether a corporation which produced concrete only for sale to others was entitled to a manufacturing exemption. Thus the statement quoted by the City from that case is only dicta here. In light of the fact that our Supreme Court upheld the exemption in that case, and in light of the Court's subsequent decision in *Interstate Amiesite, supra,* the dicta statement is of little import here.